**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**AUGUSTA F. KENNEDY,**

    **Petitioner,**

**v.**                                              **Case No. 3:17cv020-MCR/CAS**

**FLORIDA DEPARTMENT OF
CORRECTIONS SECRETARY,**

    **Respondent.**

_____/

**REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION**

Petitioner initiated this proceeding on January 4, 2017, by filing a pro se petition for writ of habeas corpus with exhibits, pursuant to 28 U.S.C. § 2254. ECF No. 1. Respondent filed a motion to dismiss on October 2, 2017. ECF No. 16. Petitioner filed a reply on January 5, 2018. ECF No. 20.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration of all issues raised, the undersigned has determined that an evidentiary hearing is not required for disposition of this matter. *See* Rule 8(a), R. Gov. § 2254 Cases in U.S. Dist. Cts. For the reasons stated herein, the

pleadings and attachments before the Court show that Respondent's motion to dismiss the § 2254 petition should be granted.

## **PROCEDURAL HISTORY**

By Second Amended Information, the State of Florida charged Petitioner Augusta F. Kennedy on July 19, 2010, in the Circuit Court of the First Judicial Circuit, Okaloosa County, Florida, with one count of boating under the influence manslaughter of George A. Brenner on or about September 4, 2009, in violation of section 327.35(3)(a), (b), (c)3, Florida Statutes; one count of boating under the influence manslaughter of Emma Jean Crowson on or about September 4, 2009, in violation of section 327.35(3)(a), (b), (c)3, Florida Statutes; and one count of boating under the influence manslaughter of Donna J. Brenner, in violation of section 327.35(3)(a), (b), (c)3, Florida Statutes.  Ex. A at 41.[1]

Petitioner entered a plea of not guilty and proceeded to trial.  Ex. A at 21.  On July 22, 2010, the jury found Petitioner guilty as charged as to each count of boating under the influence manslaughter.  Ex. B at 397.  On September 27, 2010, judgment of conviction for the three counts was entered and Petitioner was sentenced to 13.5 years in prison for each

---

[1] Hereinafter, citations to the state court record, "Ex. –," refer to exhibits A through U submitted with Respondent's motion to dismiss.  *See* ECF Nos. 16, 16-1 through 16-10.

count to be served consecutively, totaling 40.5 years, with 293 days credit time served. Ex. D at 758-63. Petitioner's July 26, 2010, motion for new trial, Ex. B at 398-99, was heard and denied on October 27, 2010. Ex. D at 794-99.

Petitioner appealed from the conviction and sentence to the First District Court of Appeal on October 27, 2010 (1D10-5738). Ex. D at 768. On October 14, 2011, the district court issued a per curiam affirmance. Ex. L. The mandate was issued on November 1, 2011. Id. See Kennedy v. State, 72 So. 3d 751 (Fla. 1st DCA 2011) (table).

On December 18, 2011, Petitioner filed a motion to mitigate sentence pursuant Florida Rule of Criminal Procedure 3.800(c). Ex. M at 1-3. On January 6, 2012, the state court denied Petitioner's motion. Ex. M at 4.

On October 22, 2013, Petitioner, represented by counsel, filed a post-conviction motion in the circuit court pursuant to Florida Rule of Criminal Procedure 3.850 alleging seven claims of ineffective assistance of trial counsel. Ex. N at 1-38. The state post-conviction court granted an evidentiary hearing on all the claims. Ex. N at 67-71. The evidentiary hearing was held August 12, 2014, October 14, 2014, and March 16, 2015. Ex. P at 293-447; Ex. O at 225-276. On March 30, 2015, the post-conviction court denied relief on all claims. Ex. O at 125-202. Petitioner

appealed this denial to the district court of appeal (1D15-1861).  Ex. O at 209-22.  On October 19, 2016, the district court issued a per curiam affirmance, and on November 28, 2016, issued the mandate.  Ex. U.  *See* Kennedy v. State, 203 So. 3d 160 (Fla. 1st DCA 2016) (table).

## **TIMELINESS**

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), there is a one-year limitations period for filing a § 2254 petition.  28 U.S.C. § 2254(d)(1).  Respondent contends the § 2254 petition is untimely because it was filed after the AEDPA statute of limitations expired.  EFC No. 16 at 11.

Petitioner's conviction and sentence became final on January 12, 2012, upon expiration of the ninety days in which to seek certiorari review in the United States Supreme Court of the October 14, 2011, decision of the First DCA.  *See* Brooks v. Sec'y, Dep't of Corr., 201 F. App'x 725, 726 (11th Cir. 2006) (explaining that unless the time period is tolled or other exceptions apply, the one-year statute of limitations for filing a writ of habeas corpus runs from the date on which the judgment became final, which for a state prisoner is when the United States Supreme Court denies certiorari or issues a decision on the merits, or when the 90-day period in which to file a certiorari petition expires) (citing Bond v. Moore, 309 F.3d

770, 773-74 (11th Cir. 2002)).  The 90-day period for seeking certiorari review in the Supreme Court runs from the date of the opinion or denial of rehearing, not the mandate.  See S. Ct. Rule 13(3).  No motion for rehearing of the First District Court of Appeal decision was filed, and Petitioner was not entitled to seek discretionary review in the Florida Supreme Court because the decision was a per curiam affirmance without written opinion.  See Jackson v. State, 926 So. 2d 1262, 1265 (Fla. 2006) (holding that the Florida Supreme Court does have not discretionary review jurisdiction over unelaborated per curiam decisions).  Thus, barring any other tolling or exception, the AEDPA clock ran untolled for one year, expiring on Monday, January 14, 2013.[2]

On October 22, 2013, more than nine months after the limitations period ran, Petitioner filed a Rule 3.850 motion in state court.  This filing did not toll the AEDPA time because "there was nothing left to toll."  Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004); Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001).  As such, Petitioner's habeas petition is

---

[2] The one-year AEDPA limitations period is calculated using the anniversary date of the triggering event.  Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286, 1289 n.1 (11th Cir. 2007).  The anniversary date of January 13, 2012, was Saturday, January 12, 2013 (2012 was a leap year).  Thus, the AEDPA limitations period extended to Monday, January 14, 2013.

Case No. 3:17cv020-MCR/CAS

-
-

-

untimely and must be dismissed unless Petitioner can establish equitable tolling or another exception listed in 28 U.S.C. § 2254(d).

## EQUITABLE TOLLING

In his petition, Petitioner recognizes that the § 2254 filing was not timely under the AEDPA, but contends that he is entitled to equitable tolling.  ECF No. 1 at 11.  He contends in his petition that extraordinary circumstances excuse the late filing because he "repeatedly advised counsel via written correspondence and through family and friends to file post conviction motion in a timely fashion to preserve federal time to file habeas corpus in accordance with AEDPA requirements."  *Id.*  He also alleged that his post-conviction counsel affirmatively misrepresented to his family that a Rule 3.850 motion had been filed in December 2012, which would have tolled the running of the AEDPA limitations period, but that the motion had not been filed on that date.  *Id.*  He alleges that "Counsel informed Petitioner's family that (sic) can stop worrying, he has it all taken care of and that he did in fact file the motion on (sic) December 2012, with plenty of time to preserve federal time."  *Id.*  Petitioner contends that this was a lie and that he cannot be held accountable for the delay in filing the § 2254 petition.  *Id.*  Petitioner asks for an evidentiary hearing.  *Id.*

The AEDPA statute of limitations is not jurisdictional and is normally subject to a rebuttable presumption in favor of equitable tolling. Holland v. Florida, 560 U.S. 631, 645-46 (2010). Even so, equitable tolling is "an extraordinary remedy" that "is typically applied sparingly." Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006) (quoting Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000)). "The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner. Mere conclusory allegations are insufficient to raise the issue of equitable tolling." San Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir. 2011) (citation omitted). "A petitioner has the burden of establishing his right—if 'right' is not too strong a word in the area of equity—to equitable tolling." Hutchinson v. Florida, 677 F.3d 1097, 1099 (11th Cir. 2012). Equitable tolling is assessed on a case-by-case basis, considering the "specific circumstances" of the case. Holland, 560 U.S. at 650. A petitioner is "entitled to equitable tolling" upon a showing that (1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. Holland, 560 U.S. at 649.

Respondent argues in the motion to dismiss that Petitioner is not entitled to equitable tolling because he has provided nothing to substantiate

any of his assertions, and because counsel's failure to preserve Petitioner's ability to file a timely federal habeas petition was, at worst, negligence, which is not enough to warrant equitable tolling. ECF No. 16 at 11.

The Supreme Court held in Holland "that, at least sometimes, an attorney's professional misconduct . . . could nonetheless amount to egregious behavior and create an extraordinary circumstance that warrants equitable tolling." 560 U.S. at 651. The Eleventh Circuit has reiterated that attorney misconduct of a different character than negligence, such as "bad faith, dishonesty, divided loyalty, [and] mental impairment," are relevant and may form the basis of an equitable tolling argument. Thomas v. Attorney Gen., 795 F.3d 1286, 1293, 1294 (11th Cir. 2015). However, equitable tolling "is reserved for 'serious instances of attorney misconduct'." *Id.* The Court in Thomas explained that an "abandonment" analysis is required when evaluating a claim of equitable tolling based solely on attorney negligence—whether simple or gross—and the question is whether through his conduct, the attorney effectively "abandoned" the client. *Id.* at 1293.

The Eleventh Circuit more recently stated that it was not inconsistent with Supreme Court precedent in "holding that attorney negligence, even gross or egregious negligence, does not by itself qualify as an

Case 3:17-cv-00020-MCR-CAS   Document 21   Filed 01/17/18   Page 9 of 18

Page **9** of **18**

'extraordinary circumstance' for purposes of equitable tolling; either abandonment of the attorney-client relationship . . . <u>or</u> some other professional misconduct <u>or</u> some other extraordinary circumstance is required." <u>Cadet v. Fla. Dep't of Corrections</u>, 853 F. 3d 1216, 1227 (11th Cir. 2017), <u>petition for cert. filed</u>, No. 17-6146 (U.S. July 25, 2017).

Respondent also argues that post-conviction counsel's claim of misrepresentation by his post-conviction counsel is not an extraordinary circumstance because Petitioner alleges his post-conviction counsel told his <u>family</u> that his Rule 3.850 motion was already filed, but that Petitioner did not allege that "counsel or his family conveyed counsel's lie <u>to him</u>." ECF No.16 at 8-9. An "affirmative misrepresentation by counsel about the filing of a state habeas petition to a defendant and his family can constitute extraordinary circumstances that warrant equitable tolling." <u>Roper v. Dep't of Corr.</u>, 434 F. App'x 786, 790 (11th Cir. 2011) (unpublished); *see also* <u>Downs v. McNeil</u>, 520 F.3d 1311, 1325 (11th Cir. 2008); <u>United States v. Martin</u>, 408 F.3d 1089, 1090 (8th Cir. 2005); <u>United States v. Wynn</u>, 292 F.3d 226, 230 (5th Cir. 2002).

For the purposes of equitable tolling, the courts do not distinguish between an attorney's affirmative misrepresentation made to an incarcerated client directly or the client's representatives such as his wife or

Case No. 3:17cv020-MCR/CAS

mother.  *See, e.g.*, <u>Martin</u>, 408 F.3d at 1090 (finding counsel's consistent misrepresentations to both prisoner and prisoner's wife relevant for equitable tolling purposes, including a false statement to prisoner's wife suggesting that he had filed pleadings on prisoner's behalf).

In the present case, Petitioner filed a reply to the motion to dismiss in which he again reiterates and now provides his own affidavits stating that he requested post-conviction counsel on two occasions to file the Rule 3.850 motion in time to toll the running of the AEDPA limitations period.  ECF No. 13-14, 16-17.  He did not attach a copy of the correspondence that he referred to in his petition and his affidavit.  *See* ECF No. 1 at 11; ECF No. 20 at 13.  Neither the reply nor the affidavits address the original contention of attorney misconduct that post-conviction counsel affirmatively lied to his family about having filed the Rule 3.850 motion in December 2012.  His affidavit states instead that when Petitioner warned counsel twice about filing the Rule 3.850 in time to toll the AEDPA deadline, post-conviction, counsel said "he needed to get this 3.850 Motion done right, and the Circuit Court was my best option for relief" and that "if I don't win in the lower court, I would not have a chance in the Federal Courts."  ECF No. 20 at 16.  Petitioner does not allege a specific date on which the misrepresentation to his family is alleged to have been made.  This is

significant because if it occurred after the AEDPA filing deadline passed, the misrepresentation cannot be found to be causally related to the late filing.  See Peterson v. Sec'y, Fla. Dep't of Corr., 631 F. App'x 664, 666 (11th Cir. 2015) (unpublished) (noting that counsel's misconduct after the statute of limitations expired cannot constitute an extraordinary circumstance warranting equitable tolling) cert. denied, Peterson v. Jones, 136 S. Ct. 1472 (Mar. 21, 2016).

Petitioner does not state in the affidavit or the reply what member of his family was given false information about the filing of the motion.  The only reference to his family in the reply and affidavits was the unsworn allegation that "Petitioner's family also relayed several messages" to post-conviction counsel concerning the need for counsel to file the Rule 3.850 motion timely.  ECF No. 20 at 4.  Nor does Petitioner state in his reply or affidavits when he was informed by his "family" that post-conviction counsel told them the motion had been filed.

The affidavits presented by Petitioner, and the comprehensive seven-count Rule 3.580 motion filed by post-conviction counsel—along with the extensive evidentiary hearing at which post-conviction counsel presented expert testimony—demonstrate that counsel intended to and ultimately did file a detailed and viable post-conviction motion.  Although post-conviction

counsel did not file that motion in sufficient time to toll the running of the AEDPA limitations period, his actions clearly show he did not abandon Petitioner as a client.  *See* Thomas, 795 F. 3d at 1293.

Moreover, even if the documents filed by Petitioner are sufficient to establish that post-conviction counsel was directed on several occasions to file the motion in time to toll the AEDPA limitations period, both personally and by family, the documents do not substantiate or flesh out the conclusory allegation that post-conviction counsel affirmatively lied about having filed the motion in December 2012.  Petitioner has failed to specify when the alleged misrepresentation was made and to whom.  He has failed to state when he was informed of post-conviction counsel's statement.  Petitioner fails to supply this critical information in his reply even though those deficiencies were raised in the Respondent's motion to dismiss.  Petitioner has failed to show that the alleged attorney misconduct occurred, as opposed to attorney negligence or gross negligence, and that any attorney misconduct constituted an extraordinary circumstance warranting equitable tolling.  Based on the affidavits filed by Petitioner and the record showing work done by post-conviction counsel leading up to and during the evidentiary hearing, Petitioner has failed to substantiate the alleged

misrepresentation or misconduct of post-conviction counsel or to show that Petitioner was effectively abandoned by his counsel.

Other than instructing his counsel to file the Rule 3.850 motion in time to toll the AEDPA deadline, Petitioner has not alleged any actions on his part constituting due diligence prior to the running of the limitations period to ascertain whether counsel actually filed the motion or the status of the motion. *See* Alvear v. United States, 2017 WL 6333966, at *1 (11th Cir. Mar. 2017) (not reported) (noting that the Petitioner failed to explain what efforts, if any, he made during the limitations period to ascertain whether counsel filed an appeal or the status of that appeal). In addition, Petitioner has failed to show that he acted with due diligence during the nine-month period after the December 12 date that counsel allegedly told his family the Rule 3.850 motion had been filed. Petitioner generally alleges that he Acted with "all due diligence" and did "everything in his power to proceed with filing motions, petitions, etc." as soon as he "was made aware" post-conviction counsel had not filed the Rule 3.850 motion on time. ECF No. 1 at 11. However, Petitioner does not state in his petition to what point in time this refers or what petitions or motions he proceeded with in an effort to act with due diligence.

Conclusory allegations are insufficient to satisfy the burden of the Petitioner to prove circumstances that justify equitable tolling. San Martin, 633 F.3d at 1268. To establish his reasonable due diligence, Petitioner cites only the fact that his post-conviction counsel was requested several times to file the Rule 3.850 motion in time to toll the running of the AEDPA limitations period. *Cf.* Holland, 560 U.S. at 653 (noting that Holland not only wrote his attorney numerous letters seeking crucial information and providing direction, he repeatedly contacted the state courts and clerks; and "the very day that Holland discovered that his AEDPA clock had expired due to [his counsel's] failings, Holland prepared his own habeas petition pro se and promptly filed it with the District Court.").

As Respondent notes, Petitioner would have learned that the Rule 3.850 motion was not filed until October 2013, when Petitioner was provided the motion to sign.[3] ECF No. 16 at 10. Even so, Petitioner filed no affidavits and makes no allegations concerning what occurred after December 2012—the date on which the Rule 3.850 motion was said to have been filed. He does not state in the affidavit or the reply that he took

---

[3] Petitioner would have known the Rule 3.850 motion was filed outside the AEDPA time limitation when it was filed because Petitioner alleges he previously cited the deadline to post-conviction counsel before the deadline and because he had to sign and swear to the contents of the motion that was later filed. *See* Ex. N at 37.

Case No. 3:17cv020-MCR/CAS

any steps after that alleged communication to personally confirm the filing of the motion or ascertain what was in the motion.  When Petitioner was before the post-conviction court at the evidentiary hearing, he made no allegation or comment that counsel misrepresented the filing date or otherwise engaged in prejudicial misconduct.  Nor did Petitioner attempt to file a § 2254 petition immediately upon learning that the Rule 3.850 motion was not filed until October 2013.  Instead, Petitioner waited until after his Rule 3.850 proceedings concluded in the circuit court, and waited more than a month after the Rule 3.850 appeal became final on November 28, 2016, to file his § 2254 petition in January 2017.  Ex. U; ECF No. 1.

Because Petitioner has not demonstrated reasonable due diligence and has provided only conclusory allegations that his counsel lied about having filed the Rule 3.850 motion in sufficient time to toll the running of the AEDPA limitations period, and because the allegation of misconduct was not supported or even discussed in Petitioner's reply, he has not demonstrated that extraordinary circumstances—above and beyond post-conviction counsel's negligence—justify equitable tolling.  For all the foregoing reasons, Petitioner has failed to carry his heavy burden to show entitlement to the rare and exceptional remedy of equitable tolling, which is

applied sparingly. See Cadet, 853 F.3d at 1221. Respondent's motion to dismiss should be granted.

## EVIDENTIARY HEARING REQUEST

The question of whether equitable tolling applies "is a decision that must rest on facts, not allegations." Downs, 520 F.3d at 1325. The AEDPA does not require a hearing on the issue of time-bar or equitable tolling, so the decision as to whether to conduct an evidentiary inquiry is a matter left to the sound discretion of the district court. *See, e.g.*, San Martin, 633 F.3d at 1271; Drew v. Dep't of Corr., 297 F.3d 1278, 1292-93 (11th Cir. 2002), overruled on other grounds by Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005). Petitioner "must plead or proffer enough facts that, if true, would justify an evidentiary hearing on the issue. And the allegations supporting equitable tolling must be specific and not conclusory." McBee v. Warden, 671 F. App'x 763, 764 (11th Cir. 2016) (unpublished) (quoting Hutchinson v Florida, 677 F.3d 1087, 1099 (11th Cir. 2012); *see also* Moore v. Jones, No. 3:14cv484-MCR/EMT, 2015 WL 10490482, at *7 (N.D. Fla. Aug. 31, 2015) (citing Hutchinson, 677 F.3d at 1099), report and recommendation adopted, No. 3:14cv484-MCR/EMT, 2016 WL 1069668 (N.D. Fla. Mar. 17, 2016); San Martin, 633 F.3d at 1272 (finding it relevant that petitioner failed to submit an affidavit concerning the timeliness of his

petition, his diligence, or the extraordinary circumstances that allegedly impeded him from filing his federal petition).

Petitioner has failed to proffer specific evidentiary support for his assertions of counsel's misrepresentation or misconduct, and mere conclusory allegations will not suffice. An evidentiary hearing is not warranted in this case and Petitioner's request for an evidentiary hearing is denied.

## RECOMMENDATION

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss (ECF No. 16) be **GRANTED**. It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on January 17, 2018.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed.**

**R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**